**STEVEN P. SCHEFFLER, ESQ. #052121995**
REYNOLDS & SCHEFFLER, LLC
1200 Mill Road, Suite C
PO Box 718
Northfield, NJ 08225
(609) 677-4577
Attorneys for Defendant, Robert Petrosh

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>v.<br><br>ROBERT PETROSH,<br><br>         Defendant. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA<br><br>Case No.: 21-CR-00347(TNM)<br><br>**NOTICE OF MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND MOTION TO CONTINUE STATUS HEARING** |

To:  The Honorable Judge Trevor N. McFadden
    U.S. District Court for the District of Columbia
    333 Constitution Avenue NW
    Washington, DC 20001

The Defendant hereby moves this Court for a 30-day continuance of the status conference set for September 24, 2021, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date the Defendant enters an Order on this motion through and including the date of the next hearing. In support of its motion, the Defendant states as follows:

**FACTUAL BACKGROUND**

Defendant is charged by information with violations of 18 U.S.C. § 1752(a)(l) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G) that occurred at the United States Capitol on January 6, 2021. The Defendant seeks a continuance for the following reasons: (1) the parties continue to engage in ongoing plea negotiations and need a few more weeks to continue working; (2) the United States continues to provide individualized discovery to Defendant as well as discovery generated from other sources; and (3) defense counsel is recovering from a medical emergency and requires

additional time to review the discovery and to engage in ongoing plea negotiations. Prosecuting counsel consents to, and affirmatively requests, this motion.

Since our last status conference, the defense counsel has continued to work with the United States for defendant and engage in plea negotiations. Those negotiations have taken longer than anticipated, however, the parties believe that progress is being made and anticipate moving those discussions forward in the next thirty days.

As the Defendant well knows, the investigation and prosecution of the attack on the U.S. Capitol (hereinafter the Capitol Attack), will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. This investigation continues and the Defendant expects that additional individuals will be charged. As the Capitol Attack investigation is still on-going, the number of charged defendants and the volume of potentially discoverable materials will only continue to grow. Nevertheless, the Defendant is aware of and takes seriously its obligations pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland,* 373 U.S. 83, 87 (1963), *Giglio v. United States,* 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500. The Government has already provided defense counsel with over 350 items of individualized discovery, but anticipates producing more discovery, including surveillance footage of the defendant inside the U.S. Capitol Building.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States,* 559 U.S. 196, 197 (2010) (citing §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras,* 474 U.S. 231, 236 (1985); *United States v. Hernandez,* 862 F.2d 17, 24 n.3 (2d Cir. 1988).

3

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. Moreover, the investigation is reactive and ongoing. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi,* 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovely and review discovery"). Thus, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Moreover, the parties continue to engage in plea negotiations and believe that progress is being made. Thus, the parties anticipate moving those discussions forward in the next thirty days. Finally, defense counsel has indicated that he is currently recovering from a medical emergency and requires additional time to review the discovery in this case in order to engage in further plea negotiations. Defense counsel affirmatively requested that this motion be filed, and

United States consents to the tolling of the Speedy Trial Act clock.

WHEREFORE, the Defendant respectfully requests that this Court grant the motion to continue the Status Hearing set for September 24, 2021, for an additional 30 days from the date the Defendant enters an Order on this motion through and including the date of the next hearing, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully yours,

Law Offices of Reynolds & Scheffler, LLC

Attorneys for Defendant

*/s/ Steven P. Scheffler*

Steven P. Scheffler, Esquire

SPS/mr
Dictated not read
cc:   Mr. Robert Petrosh

Dated: September 1, 2021