UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

vs.

CASE NO. 1:21-cr-00347-001
Sr. Judge Trevor N. McFadden

ROBERT PETROSH

### DEFENDANT ROBERT PETROSH'S SENTENCING MEMORANDUM

It is respectfully requested that the Court take this Sentencing Memorandum on behalf Robert Petrosh into consideration in imposing a sentence in this matter.

### STATEMENT OF FACTS

1.  On May 4, 2021, Mr. Petrosh was arrested in Atlantic County, New Jersey for various charges arising out of the January 6, 2021 disturbance at the United States Capitol. (PSR at ¶ 1).

2.  Mr. Petrosh was released on May 4, 2021 from the Atlantic County Justice Facility.

3.  On May 7, 2021, Mr. Petrosh was charged by the United States Attorney for the District of Columbia with four counts: Count (1) Entering and Remaining in a Restricted Building, in violation of 18 USC § 1752(a)(1); Count 2) Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 USC § 1752(a)(2); Count 3) Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 USC § 5104(e)(2)(D); and Count 4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 USC § 5104(e)(2)(G).

4.  On December 8, 2021, the United States Attorney for the District of Columbia filed a five-count Superseding Information charging Mr. Petrosh with Count (1) Entering and Remaining in a Restricted Building, in violation of 18 USC § 1752(a)(1); Count 2) Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 USC § 1752(a)(2); Count 3)

Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 USC §

5104(e)(2)(D); Count 4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation

of 40 USC § 5104(e)(2)(G); and Theft of Government Property, in violation of 18 USC § 641.

5.      On January 7, 2022, Mr. Petrosh pled guilty to Theft of Government Property, in

violation of 18 USC § 641.

6.      The Presentence Report (PSR) calculates Mr. Petrosh's total offense level as a

level 4 with a criminal history category of I (PSR at ¶¶ 9-10).

## **MEMORANDUM OF LAW**

### I.      **Sentencing Factors Under 18 U.S.C. § 3553(a)**

A district court's discretion is no longer limited by the guidelines since its matrix is now

considered merely advisory. *United States v. Booker*, 543 U.S. 220, 245-67 (2005). Thus, a court

is now unencumbered in its ability "to consider every convicted person as an individual and

every case as a unique study in the human failings that sometimes mitigate, sometimes magnify,

the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 53 (2007) (quoting

*Koon v. United States*, 518 U.S. 81 (1996)).

In this misdemeanor case, sentencing is guided by 18 U.S.C. § 3553(a), which identifies

the factors a court must consider in formulating a sentence.   18 U.S.C. § 3553(a) requires

sentencing courts to consider not only the advisory Guidelines range, but also the facts of a

specific case through the lens of seven factors, including:

(1)      the nature and circumstances of the offense and the history and
characteristics of the defendant;

(2)      the need for the sentence imposed:

(A)      to reflect the seriousness of the offense, to promote respect
for the law, and to provide just punishment for the offense;

(B)      to afford adequate deterrence to criminal conduct;

(C)      to protect the public from further crimes of the defendant; and

(D)      to provide the defendant with needed educational or vocational training,
medical care, or other correctional treatment in the most effective
manner;

2

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established;

(5)     any pertinent [Sentencing Commission] policy statement;

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7).

The following sections analyze the § 3553 factors against the factual backdrop of Mr. Petrosh's case.

### 1.     Nature and Circumstances of the Offense

Although the incidents which took place on January 6, 2021 at the U.S. Capitol are perhaps unparalleled in American History, each Defendant should be sentenced based on their individual conduct. The court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing." 18 U.S.C. § 3553(a).

The nature and circumstances of the offense committed by Mr. Petrosh support the imposition of a fine and/or a period of probation. Mr. Petrosh pled guilty to a non-violent misdemeanor. He has no prior criminal convictions and this incident was an aberration for him.

On January 6, 2021, Mr. Petrosh drove from Mays Landing, New Jersey to Washington, D.C. to attend a political rally with a friend.

Mr. Petrosh went to Washington D.C. with the intent to attend a political rally where President Donald Trump was giving a speech. He went to Washington D.C. with the intent to express political grievances and assemble as permitted by the Constitution. He did not go to Washington D.C. with the intent to enter the U.S. Capitol. He did not bring any weapons. He brought a bag with beef jerky, a sweatshirt, a rain jacket and a water. He did not engage in any preplanning or coordination prior to his entry into the Capitol.

During President Trump's speech, Mr. Petrosh observed a crowd of people head toward the Capitol but Mr. Petrosh stayed to watch the conclusion of the speech. He did not know that the

protest would escalate to the extent that it did on January 6, 2021.

At approximately 2:21 p.m. Mr. Petrosh entered the U.S. Capitol via the northwest Senate Wing door. Mr. Petrosh's actions inside the Capitol on January 6th are detailed in the Statement of Facts and PSR. (PSR ¶¶ 23-25).

Mr. Petrosh did not engage in or provoke violence or property destruction. He did not break through barriers or barricades. He did not fight with law enforcement. In fact, he stopped three or four individuals from ascending stairs out of the crypt. Mr. Petrosh was thanked by a US Capitol police officer for stopping the other trespassers from going upstairs.

It is anticipated the Government will argue that Mr. Petrosh "brushed" against a law enforcement officer in the crypt, but that is not accurate. Mr. Petrosh spoke to a law enforcement officer in the crypt but did not make any physical contact with any law enforcement officer. As he explained during his proffer, the crypt was filled with a dense crowd. The momentum of the crowd picked up and many people were pushed forward. Mr. Petrosh did not engage in any violent behavior. He was initially in the front of the crowd and did not engage in any violence or physical contact with any person, including law enforcement. At some point, other members of the crowd get in front of him leading the crowd into the crypt. He followed through the flow of people.

Mr. Petrosh understands that his entry in the U.S. Capitol exacerbated a terrible situation. When he met with law enforcement, he made no excuses for his actions. He did not blame others or law enforcement. He did not minimize his actions or try rationalizing them. During his arrest interview, he volunteered to the FBI that he made the remark "give us Nancy and we will go" which he emphasized was stated jokingly, and in jest. He also reported this during his proffer session. He has had plenty of time to contemplate his actions since being charged in this matter. As he stands before the court today, he demonstrates acceptance and responsibility for his actions on January 6, 2021. This is confirmed in the PSR. (PSR ¶¶ 37).

Mr. Petrosh self-surrendered and accepted personal responsibility for his actions. He provided FBI agents with an account of his travel and actions on January 6, 2021. He admitted to the authenticity of the images and videos of him inside the Capitol. He provided his cell phone to the FBI and confirmed the authenticity of the messages contained therein.

### 2.   History and Characteristics of Robert Petrosh

Mr. Petrosh is devoted husband and father to three children, ages 6, 9, and 22.  He and his wife are both employed full-time and share responsibilities for their two young children.  His wife confirmed that he is a "good husband and father". (PSR ¶53).  Mr. Petrosh participates in all day-to-day caregiving for his two young children. He assists with transportation and caregiving for the children during times that his wife is working.

Mr. Petrosh is a hardworking business owner.  His wife and children are financially dependent on him, as he is the primary breadwinner and has been since the parties were married. Mr. Petrosh's wife expressed fear that if Mr. Petrosh is incarcerated, it will have a negative impact on the children. (PSR  ¶53).  In determining Mr. Petrosh's sentence, this Court may consider that he is an excellent father to his three children.  See United States v. Pauley, 511 F.3d 468 (4th Cir. 2007)(affirming a 42 month sentence for a defendant with an advisory guideline range of 78-97 months in part because "besides the criminal conduct at issue, the defendant was . . . a good father").  Furthermore, there is significant literature which supports his wife's concerns about the impact that incarceration would have on their two young children.  See WAKEFIELD & WILDEMAN, supra note 108, at 154 (discussing behavior problems associated with parental incarceration); Lerer, supra note 15, at 154  (listing harms such as depression, developmental delays, and antisocial behavior); Joseph Murray & David P. Farrington, The Effects of Parental Imprisonment on Children, 37 CRIME & JUST. 133, 135 (2008) (listing harms such as drug abuse, mental health problems, and antisocial behavior).

Mr. Petrosh is a former service member with the United States Marine Corps. He enlisted in the USMC on June 25, 1987. He completed training and was stationed in the Phillipines from 1988 to 1989. Thereafter, he was assigned to a mid-float deployment and an assignment in Saudi Arabia and Kuwait, which lasted six months. During his time in the service, he received various awards and decorations. Some examples include: rifle sharpshooter marksmanship badge, overseas deployment ribbon, letter of appreciation, meritorious unit citation, sea service deployment ribbon, national defense service medal and Southwest Asia service medal. Mr. Petrosh was honorably discharged from the USMC on July 18, 1991 at the rank of Lance Corporal.

In or around 2003, Mr. Petrosh started a business with his brother with whom he shares a close relationship. He is a co-owner of the business, which continues to operate to this day. He is a skilled business owner and works hard to support his family, including his three children. He does not have any prior criminal convictions and has never been affiliated with individuals or groups who advocate violence in any way, including against the government.

Mr. Petrosh has a large, supportive family in his community.

It should also be noted that Mr. Petrosh has been  in a cooperative posture since his voluntary  surrender. During his proffer sessions with the FBI, he provided trurthful and valuable information. He provided his cell phone and gave his consent to search. Mr. Petrosh's voluntary and robust cooperation should weigh heavily in imposing a sentence.

Furthermore, Mr. Petrosh's effort to assist the government demonstrates his acceptance of responsibility for his criminal conduct and his substantial attempt to make amends for his actions.

### 3. The Need for the Sentence Imposed

#### A. To reflect the seriousness of the offense, to promote respect for the

**law, and to provide just punishment for the offense**

In imposing "just punishment" for an offense, this Court should consider the need for the sentence imposed as it pertains to this individual, Mr. Petrosh, not the violent, destructive protestors who were also present that day.

A period of probation constitutes an appropriate punishment as his liberty interests are curtailed by travel restrictions, reporting obligations and other limitations on his freedom. Moreover, in light of the damage done to the Capitol that day, although not directly by Mr. Petrosh, a modest fine may be appropriate.

Importantly, an important aspect of respect for the law is encouraging cooperation and truthfulness with law enforcement. Mr. Petrosh has been truthful with law enforcement and even volunteered the comment he made about Ms. Pelosi to the FBI at the time of his arrest. He has fully cooperated with law enforcement and admitted to the full scope of his actions.

In addition to waiving his rights and agreeing to be interviewed by law enforcement, he allowed his mobile phone to be downloaded for substantive analysis. Thereafter, he confirmed the authenticity of the messages contained on his device.

> **B.**    **To afford adequate deterrence to criminal conduct**
> **C.**    **To protect the public from further crimes by Defendant**

A punishment of imprisonment is not necessary to further the § 3553 factor of general or specific deterrence in this matter.  There is no evidence that Mr. Petrosh poses a threat to the public or that he will engage in similar conduct in the future. Mr. Petrosh is not associated or involved with any extremist groups who promote violence or engage in any other criminal conduct.

As previously noted, Mr. Petrosh is a hardworking business owner, father of three (3), and husband. He has no criminal history which places him in a Criminal History Category I.  As a first-time offender, Mr. Petrosh poses a lower risk of recidivism. In imposing the least sentence

sufficient to account for the need to protect the public from further crimes of Mr. Petrosh, this Court should consider the statistically low risk of recidivism presented. *See United States v. Urbina, slip op.*, 2009 WL 565485, *3 (E.D. Wis. Mar. 5, 2009) (considering low risk of recidivism indicated by defendant's lack of criminal record, positive work history, and strong family ties); *United States v. Cabrera*, 567 F. Supp. 2d 271, 279 (D. Mass. 2008) (granting variance because defendants "with zero criminal history points are less likely to recidivate than all other offenders").

> **D.    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

A significant § 3553(a) sentencing consideration is the need to provide defendants with correctional treatment in the most effective manner. See § 3553(a)(2)(D). Mr. Petrosh, however, is not such a defendant. He is a stable individual, without any drug or alcohol issues. He is a hard-working business owner and serves as the primary breadwinner for his family, including his three children.

**4.    The Kinds of Sentences Available**

**5.    The Kinds of Sentences and the Guideline Sentencing Range Established and any Pertinent Sentencing Commission Policy Statements**

**6.    The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

In this case, Mr. Petrosh pled guilty to a non-violent Class A misdemeanor.

Based upon the total offensive level of 4 and the criminal history category of I, the guideline imprisonment range is zero months to six months. The applicable guideline range is in Zone A of the sentencing table and thus, a sentence of imprisonment is not required. Chapter 2 does not require such term.

Mr. Petrosh is eligible for probation because the offense is a misdemeanor. 18 U.S.C.

§3561(c)(2).  Because the offensive level is 4, the guidelines provide that a term of probation shall be no more than three years.  USSG §5B1.2(a)(2).

The fine range for this offense per the guidelines is from $500.00 to $9,500.00.  USSG §5E1.2(c)(3).

It is suggested that a period of probation and imposition of a fine are appropriate in this case. Mr. Petrosh already agreed to pay restitution pursuant to the terms of the plea agreement.

To the best of the undersigned's knowledge, there have not yet been any Capitol defendants sentenced for the misdemeanor offense 18 USC § 641.  A table of cases outlining the government's recommendations for offenses related to the January 6, 2021 incident as of March 9, 2022 is attached as Exhibit A, Capital 6, 2021 Sentencing Table filed in Case No. 1:21-CR-201-DLF.

Early into the investigation of the January 6, 2021 incident at the Capitol, the government made several plea offers that included an agreement to recommend probation.  See United States v. Anna Morgan-Lloyd, 1:21-cr-0164(RCL); United States v. Valerie Elaine Ehrke, 1:21-cr-97(PFF); United States v. Donna Sue Bissey, 1:21-cr-165(TSC), United Sates v. Douglas Wangler, 1:21-cr-365(DLF) and United States v. Bruce J. Harrison, 1:21-cr-365(DLF).   The government appears to have abided by its agreement in those cases but did not in this case.  C.F. United States v. Rosales-Gonzales, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under § 3553(a) between Defendants who plead guilty under a "fast track" program and those who do not given the benefits gained by the government when defendants plead guilty early in criminal proceedings).

Upon review of the government's recommendations in other cases which took place on January 6, 2021, the government recommendations did not include a recommendation for incarceration even involving defendants who committed violent and/or destructive acts and others

who did not fully accept responsibility.  See United States v. Danielle Doyle, Crim. No 21-00234 (TNM)(government recommended probation with two months home confinement despite noting she entered through a broken window, yelled at officers, and was not fully transparent in her interview with law enforcement); United States v. Jessica and Joshua Bustle, 21-00238 (TFH) (government recommended probation with home confinement for Ms. Bustle , who minimized the conduct of all others involved in the Capitol incident, minimized the impact of her actions and others, and encouraged others to be proud of their actions).

Sentencing Mr. Petrosh to confinement would not be appropriate in light of the various recommendations and sentences for other misdemeanor offenses that occurred on January 6, 2021. Instead, a probationary sentence, along with certain conditions, is an appropriate sentence.

## **CONCLUSION**

For the reasons set forth above, it is respectfully requested that the Court impose a sentence of probation and/or impose a modest fine against Mr. Petrosh.

By:    /s/ Steven P. Scheffler
       Steven P. Scheffler, Esq.
       Reynolds & Scheffler LLC
       1200 W. Mill Rd.
       Northfield, NJ 08225
       (609) 677-4577
       SPS@RSCLEGAL.COM

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties listed on the Electronic Case Filing (ECF) System.

By:_____

     Steven P. Scheffler, Esq.

_____

     Marrisa Ruggles, Legal Secretay

# EXHIBIT A

# EXHIBIT A

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 1 of 15

Table 1: Cases in which the government recommended a probation sentence without home detention[1]

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Morgan-Lloyd, Anna | 1:21-CR-00164-RCL | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 36 months' probation<br>120 hours community service<br>$500 restitution |
| Ehrke, Valerie | 1:21-CR-00097-PLF | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 36 months' probation<br>120 hours community service<br>$500 restitution |
| Bissey, Donna | 1:21-CR-00165-TSC | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 14 days' incarceration<br>60 hours community service<br>$500 restitution |
| Hiles, Jacob | 1:21-CR-00155-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Wangler, Douglas | 1:21-CR-00365-DLF | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Harrison, Bruce | 1:21-CR-00365-DLF | 40 U.S.C. § 5104(e)(2)(G) | 48 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>60 hours of community service<br>$500 restitution |

---

[1] Early in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation in *United States v. Anna Morgan-Lloyd*, 1:21-cr-00164(RCL); *United States v. Valerie Elaine Ehrke*, 1:21-cr-00097(PFF); *United States v. Donna Sue Bissey*, 1:21-cr-00165(TSC), *United States v. Douglas K. Wangler*, 1:21-cr-00365(DLF), and *United States v. Bruce J. Harrison*, 1:21-cr-00365(DLF). The government is abiding by its agreements in those cases, but has made no such agreements in this case. *Cf. United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings") (citation omitted).

1

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 2 of 15

Table 2: Cases in which the government recommended a probation sentence with home detention

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Bustle, Jessica | 1:21-CR-00238-TFH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>40 hours community service<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution |
| Bustle, Joshua | 1:21-CR-00238-TFH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>40 hours community service<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution |
| Doyle, Danielle | 1:21-CR-00324-TNM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' probation<br>$3,000 fine<br>$500 restitution |
| Bennett, Andrew | 1:21-CR-00227-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>24 months' probation<br>80 hours community service<br>$500 restitution |
| Mazzocco, Matthew | 1:21-CR-00054-TSC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' incarceration<br>60 hours community service<br>$500 restitution |
| Rosa, Eliel | 1:21-CR-00068-TNM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>100 hours community service<br>$500 restitution |

| | | | | |
|---|---|---|---|---|
| Gallagher, Thomas | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>Fine<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Vinson, Thomas | 1:21-CR-00355-RBW | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>3 years' probation<br>60 hours community service<br>$500 restitution | 5 years' probation<br>$5,000 fine<br>120 hours community service<br>$500 restitution |
| Dillon, Brittiany | 1:21-CR-00360-DLF | 40 U.S.C. § 5104(e)(2)(D) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>3 years' probation<br>$500 restitution |
| Sanders, Jonathan | 1:21-CR-00384-CJN | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>60 hours community service<br>$500 restitution |
| Fitchett, Cindy | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Sweet, Douglas | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Cordon, Sean | 1:21-CR-00269-TNM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' probation<br>$4000 fine |

3

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 4 of 15

| Name | Case Number | Statute | Column 4 | Column 5 |
|---|---|---|---|---|
| Wilkerson, John IV | 1:21-CR-00302-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>$2500 fine<br>60 hours community service<br>$500 restitution |
| Jones, Caleb | 1:21-CR-00321-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>100 hours community service<br>$500 restitution |
| Brown, Terry | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 45 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Wrigley, Andrew | 1:21-CR-00042-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$2000 fine<br>60 hours community service<br>$500 restitution |
| Parks, Jennifer | 1:21-CR-00363-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Reimler, Nicholas | 1:21-CR-00239-RDM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Miller, Brandon | 1:21-CR-00266-TSC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 20 days' incarceration<br>60 hours community service<br>$500 restitution |
| Miller, Stephanie | 1:21-CR-00266-TSC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' incarceration<br>60 hours community service<br>$500 restitution |
| Hatley, Andrew | 1:21-CR-00098-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>$500 restitution |

| Pert, Rachael | 1:21-CR-00139-TNM | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>100 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Winn, Dana | 1:21-CR-00139-TNM | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution | 10 days' incarceration (weekends)<br>12 months' probation<br>100 hours community service<br>$500 restitution |
| Wickersham, Gary | 1:21-CR-00606-RCL | 40 U.S.C. § 5104(e)(2)(G) | 4 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$2000 fine<br>$500 restitution |
| Schwemmer, Esther | 1:21-CR-00364-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Kelly, Kenneth | 1:21-CR-00331-CKK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>60 hours community service<br>$500 restitution |
| Straka, Brandon | 1:21-cr-00579-DLF | 40 U.S.C. § 5104(e)(2)(D) | 4 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>3 years' probation<br>$5000 fine<br>60 hours community service<br>$500 restitution |
| Sizer, Julia | 1:21-CR-00621-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>$2,000 fine<br>$500 restitution |
| Blauser, William | 1:21-CR-00386-TNM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | $500 fine<br>$500 restitution |

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 6 of 15

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Barnard, Richard | 1:21-CR-00235-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>12 months' probation<br>60 hours community service<br>$500 restitution |
| Witcher, Jeffrey | 1:21-CR-00235-RC | 18 U.S.C. § 1752(a)(1) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>60 hours community service<br>$500 restitution |
| McAlanis, Edward | 1:21-CR-00516-DLF | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours CS<br>$500 restitution |
| Lollis, James | 1:21-CR-00671-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>90 days' GPS monitoring<br>100 hours community service<br>$500 restitution |
| Schubert, Amy | 1:21-CR-00588-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$2000 fine<br>100 hours community service<br>$500 restitution |
| Schubert, John | 1:21-CR-00587-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$1500 fine<br>100 hours community service<br>$500 restitution |

Table 3: Cases in which the government recommended a sentence of incarceration

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Curzio, Michael | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration (time served) | 6 months' incarceration (time served)<br>$500 restitution |
| Hodgkins, Paul | 1:21-CR-00188-RDM | 18 U.S.C. § 1512(c)(2) | 18 months' incarceration | 8 months' incarceration |

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 7 of 15

| Name | Case No. | Statute | | |
|---|---|---|---|---|
| Dresch, Karl | 1:21-CR-00071-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration (time served) $1000 fine $500 restitution | 24 months' supervised release $2000 restitution |
| Jancart, Derek | 1:21-CR-00148-JEB | 40 U.S.C. § 5104(e)(2)(D) | 4 months' incarceration $500 restitution | 45 days' incarceration $500 restitution |
| Rau, Erik | 1:21-CR-00467-JEB | 40 U.S.C. § 5104(e)(2)(D) | 4 months' incarceration $500 restitution | 45 days' incarceration $500 restitution |
| Hemenway, Edward | 1:21-CR-00049-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration $500 restitution | 45 days' incarceration 60 hours community service $500 restitution |
| Reeder, Robert | 1:21-CR-00166-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration $500 restitution | 3 months' incarceration $500 restitution |
| Bauer, Robert | 1:21-CR-00049-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration $500 restitution | 45 days' incarceration 60 hours community service $500 restitution |
| Smocks, Troy | 1:21-CR-00198-TSC | 18 U.S.C. § 875(c) | Low end of sentencing guidelines 36 months' supervised release | 14 months' incarceration 36 months' supervised release |
| Vinson, Lori | 1:21-CR-00355-RBW | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration $500 restitution | 5 years' probation $5,000 fine 120 hours community service $500 restitution |
| Griffith, Jack | 1:21-CR-00204-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration $500 restitution | 3 months' home detention 36 months' probation $500 restitution |
| Torrens, Eric | 1:21-CR-00204-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration $500 restitution | 3 months' home detention 36 months' probation $500 restitution |
| Gruppo, Leonard | 1:21-CR-00391-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration $500 restitution | 3 months' home detention 24 months' probation $3,000 fine $500 restitution |
| Ryan, Jennifer | 1:21-CR-00050-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration | 2 months' incarceration |

| | | |
|---|---|---|
| | | $1000 fine $500 restitution |
| | $500 restitution | |
| | | |
| | | |

8

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 9 of 15

| Name | Case Number | Statute | Sentence Requested | Sentence Imposed |
|---|---|---|---|---|
| Croy, Glenn | 1:21-CR-00162-BAH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 14 days' community correctional facility<br>3 months' home detention<br>36 months' probation<br>$500 restitution |
| Stotts, Jordan | 1:21-CR-00272-TJK | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Fairlamb, Scott | 1:21-CR-00120-RCL | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 44 months' incarceration<br>36 months' supervised release<br>$2000 fine | 41 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Camper, John | 1:21-CR-00325-CKK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' incarceration<br>60 hours community service<br>$500 restitution |
| Rukstales, Bradley | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Cordon, Kevin | 1:21-CR-00277-TNM | 18 U.S.C. § 1752(a)(1) | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution | 12 months' probation<br>$4000 fine<br>100 hours community service<br>$500 restitution |
| Chansley, Jacob | 1:21-CR-00003-RCL | 18 U.S.C. § 1512(c)(2) | 51 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 41 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Mish, David | 1:21-CR-00112-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Lolos, John | 1:21-CR-00243-APM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 14 days' incarceration<br>$500 restitution |
| Scavo, Frank | 1:21-CR-00254-RCL | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 2 months' incarceration<br>$5000 fine<br>$500 restitution |
| Abual-Ragheb, Rasha | 1:21-CR-00043-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |

| | | | |
|---|---|---|---|
| Peterson, Russell | 1:21-CR-00309-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Simon, Mark | 1:21-CR-00067-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 35 days' incarceration<br>$500 restitution |
| Ericson, Andrew | 1:21-CR-00506-TNM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 20 days' incarceration (consecutive weekends)<br>24 months' probation<br>$500 restitution |
| Pham, Tam Dinh | 1:21-CR-00109-TJK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$1000 fine<br>$500 restitution |
| Nelson, Brandon | 1:21-CR-00344-JDB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 24 months' probation<br>$2500 fine<br>50 hours community service<br>$500 restitution |
| Markofski, Abram | 1:21-CR-00344-JDB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 24 months' probation<br>$1000 fine<br>50 hours community service<br>$500 restitution |
| Marquez, Felipe | 1:21-CR-00136-RC | 18 U.S.C. § 1752(a)(2) | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution | 3 months' home detention<br>18 months' probation<br>$500 restitution |
| Meredith, Cleveland | 1:21-CR-00159-ABJ | 18 U.S.C. § 875(c) | Midrange of 37-46 months' incarceration<br>36 months' supervised release | 28 months' incarceration<br>36 months' supervised release |
| Sorvisto, Jeremy | 1:21-CR-00320-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Mariotto, Anthony | 1:21-CR-00094-RBW | 40 U.S.C. § 5104(e)(2)(G) | 4 months' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$5000 fine<br>250 hours community service<br>$500 restitution |

| | | | |
|---|---|---|---|
| Courtright, Gracyn | 1:21-CR-00072-CRC | 18 U.S.C. § 1752(a)(1) | 6 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution |
| Palmer, Robert | 1:21-CR-00328-TSC | 18 U.S.C. § 111(a) and (b) | 63 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 63 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Thompson, Devlin | 1:21-CR-00461-RCL | 18 U.S.C. § 111(a) and (b) | 48 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 46 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Edwards, Gary | 1:21-CR-00366-JEB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>24 months' probation<br>$500 restitution | 12 months' probation<br>$2500 fine<br>200 hours of community service<br>$500 restitution |
| Tutrow, Israel | 1:21-CR-00310-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$500 restitution |
| Ridge IV, Leonard | 1:21-CR-00406-JEB | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 14 days' consecutive incarceration<br>12 months' supervised release<br>$1000 fine<br>100 hours community service<br>$500 restitution |
| Perretta, Nicholas | 1:21-CR-00539-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Vukich, Mitchell | 1:21-CR-00539-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Spencer, Virginia | 1:21-CR-00147-CKK | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 3 months' incarceration<br>$500 restitution |
| Kostolsky, Jackson | 1:21-CR-00197-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>$500 restitution |

| | | | |
|---|---|---|---|
| Rusyn, Michael | 1:21-CR-00303-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>$2000 fine |
| Tryon, William | 1:21-CR-00420-RBW | 18 U.S.C. § 1752(a)(1) | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution | 50 days' incarceration<br>12 months' supervised release<br>$1000 fine<br>$500 restitution |
| Sells, Tanner | 1:21-CR-00549-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>24 months' probation<br>$1500 fine<br>50 hours community service<br>$500 restitution |
| Walden, Jon | 1:21-CR-00548-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Prado, Nicole | 1:21-CR-00403-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' 12-hour curfew<br>12 months' probation<br>$742 fine<br>60 hours community service<br>$500 restitution |
| Williams, Vic | 1:21-CR-00388-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>$1500 fine<br>60 hours community service<br>$500 restitution |
| Wiedrich, Jacob | 1:21-CR-00581-TFH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Stepakoff, Michael | 1:21-CR-00096-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>$742 fine<br>60 hours community service<br>$500 restitution |

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 13 of 15

| | | | |
|---|---|---|---|
| Scirica, Anthony | 1:21-CR-00457-CRC | 40 U.S.C. § 5104(e)(2)(G) | 15 days' incarceration<br>$500 restitution | 15 days' incarceration<br>$500 fine<br>$500 restitution |
| Crase, Dalton | 1:21-CR-00082-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 15 days' intermittent incarceration<br>(condition of probation)<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Williams, Troy | 1:21-CR-00082-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 15 days' intermittent incarceration<br>(condition of probation)<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Languerand, Nicholas | 1:21-CR-00353-JDB | 18 U.S.C. § 111 (a) and (b) | 51 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 44 months' incarceration<br>24 months' supervised release<br>60 hours community service<br>$2000 restitution |
| Wilson, Zachary | 1:21-CR-00578-APM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 45 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Wilson, Kelsey | 1:21-CR-00578-APM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| McAuliffe, Justin | 1:21-CR-00608-RCL | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Williams, Andrew | 1:21-CR-00045-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Leffingwell, Mark | 1:21-CR-00005-ABJ | 18 U.S.C. § 111(a)(1) | 27 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 6 months' incarceration<br>24 months' supervised release<br>200 hours community service |

13

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 14 of 15

| Name | Case Number | Statute | | |
|---|---|---|---|---|
| Wagner, Joshua | 1:21-CR-00310-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | $2,000 restitution<br><br>30 days' incarceration<br>$500 restitution |
| Stenz, Brian | 1:21-CR-00456-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' incarceration as a condition of probation<br>2 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |
| Schornak, Robert | 1:21-CR-00278-BAH | 18 U.S.C. § 1752(a)(1) | 4-6 months' incarceration<br>12 months supervised release<br>60 hours community service<br>$500 restitution | 28 days' intermittent incarceration (2 14-day intervals)<br>2 months' home detention<br>36 months' probation |
| Smith, Jeffrey | 1:21-CR-00290-RBW | 40 U.S.C. § 5104(e)(2)(G) | 5 months' incarceration<br>$500 restitution | 90 days' incarceration<br>$500 restitution<br>Pending determination about probationary split-sentence |
| Castro, Mariposa | 1:21-CR-00299-RBW | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$5000 fine |
| Sunstrum, Traci | 1:21-CR-00652-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>$500 restitution |
| Register, Jeffrey | 1:21-CR-00349-TJK | 40 U.S.C. § 5104(e)(2)(G) | 5 months' incarceration<br>$500 restitution | 45 days incarceration<br>$500 restitution |
| Johnson, Adam | 1:21-CR-00648-RGW | 18 U.S.C. § 1752(a)(1) | 90 days' incarceration<br>12 month's supervised release<br>$5000 fine | 75 days' incarceration<br>12 months' supervised release<br>$5000 fine |
| Howell, Annie | 1:21-CR-00217-TFH | 18 U.S.C. § 1752(a)(1) | 60 days' incarceration<br>12 month's supervised release<br>$500 restitution | 60 days' intermittent incarceration, to be served in 10-day installments, as a condition of probation<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Gonzalez, Eduardo | 1:21-CR-00115-CRC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 45 days' incarceration<br>24 months' probation |

14

Case 1:21-cr-00201-DLF   Document 97-1   Filed 03/09/22   Page 15 of 15

| | | | |
|---|---|---|---|
| Wilson, Duke | 1:21-CR-00345-RCL | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 46 months' incarceration<br>$2000 + TBD restitution for injured officer | $1000 fine<br>$500 restitution<br>51 months' incarceration<br>36 months' supervised release<br>TBD restitution |
| Strong, Kevin | 1:21-CR-00114-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>$500 restitution |